IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Phillip Howard, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Living Well Homes LLP, Living Well Homes LP, Living Well Homes II, LP, Living Well Homes III, LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III, Inc., Living Well Homes GP IV Inc., and John Does 1-10.<br><br>Defendants. | Civil Action No.: 6:22-cv-01818-DCC<br><br>**JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT** |

## INTRODUCTION

Plaintiff Phillip Howard, individually, and on behalf of all others similarly situated, ("Plaintiff") and Defendants Living Well Homes LLP, Living Well Homes LP, Living Well Homes II, LP, Living Well Homes III, LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III, Inc., Living Well Homes GP IV Inc., ("Living Well") (Plaintiff and Living Well collectively referred to as the "Parties"), by and through counsel, and respectfully request this Court for an Order approving the Settlement reached by the Parties. The Settlement seeks to resolve Plaintiff's individual claims asserted against Defendants, including claims brought under the Fair Labor Standards Act ("FLSA") and 29 U.S.C. § 207, *et seq.* The proposed settlement also releases all known and unknown claims arising out of Plaintiff's employment, including, but not limited to, the claims that Plaintiff filed as of an EEOC charge of discrimination pursuant to Title VII of the Civil Rights Act of 1964.

The Parties respectfully submit that the Settlement between Plaintiff and Defendants is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arm's length negotiations among the Parties, conducted by experienced counsel. If approved by the Court, the Settlement will make substantial settlement payments to Plaintiff.

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Plaintiff Phillip Howard, individually, and on behalf of all others similarly situated, filed a Collective Action Complaint ("Complaint" Dkt. 1) in the United States District Court, District of Arizona, on January 26, 2022 against Defendants Living Well Homes LLP, Living Well Homes LP, Living Well Homes II, LP, Living Well Homes III, LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III, Inc., Living Well Homes GP IV Inc., alleging Defendants violated FLSA in failing to properly compensate non-exempt hourly employees for overtime worked.[1] Plaintiff was employed with Defendant Living Well Homes II, LP approximately five (5) weeks from June 2021 to August 2021 at an apartment complex in Greenville, South Carolina as a non-exempt service manager earning $23.00 per hour. (*Id.* at ¶¶23-24; Villa Decl., Dkt. No. 61, at ¶3). Plaintiff alleges that all the Defendants were joint employers of Plaintiff during that time period. (Complaint Dkt. 1). Plaintiff alleges that Defendants did not accurately track and record all of the hours worked by Plaintiff Howard and other hourly employees and, therefore, failed to

---

[1] The case was originally filed in the United States District Court, District of Arizona. Defendants moved to dismiss for lack of personal jurisdiction and the Court transferred the case to this Court by Order dated June 8, 2022 (Dkt. 28).

compensate Plaintiff at one-and-one-half times the regular rate of pay for hours worked over forty in a workweek. (*See id* §37). Defendants denied these allegations, asserting that Defendants paid Plaintiff for all hours worked and submitting evidence regarding the reporting of hours by Plaintiff. (Dkt. Nos. 38-39, 61).

On September 23, 2023, Plaintiff's filed a Motion for Conditional Certification and To Facilitate Notice Pursuant to 20 U.S.C. § 216(b) (Dkt. No. 60). Defendants opposed the motion on various grounds (Dkt. No. 61). The Court has not ruled on the motion to date and therefore there has been no Opt-in Plaintiffs to date.

The Parties through their respective experienced attorneys, engaged in arm's length negotiations in an effort to resolve this matter. Specifically, Camille Fundora Rodriguez of Berger Montague, PC for Plaintiff and Denny P. Major of Haynsworth Sinkler Boyd, P.A. engaged in extensive negotiations regarding the terms of the proposed settlement. As a result, the Parties reached agreement for full resolution of this matter and release of all claims arising out of or relating to Plaintiff's individual employment and/or termination.

Specifically, the settlement provides, as consideration, the payment of $7,500.00 allocated to the FLSA claim (including $3,750.00 as claimed wage damages and $3,750.00 as claimed non-wage damages, including liquidated damages). Defendants will also pay, or cause to be paid, attorney's fees to Plaintiff's attorneys in the amount of $20,000.00.

## **LEGAL STANDARD**

Settlements of FLSA claims are appropriate for court approval when the settlement is a "fair and reasonable resolution of a bona fide dispute over [the] FLSA." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). "The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement

reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Morris v. S. Concrete and Constr., Inc.*, No. 8:16-CV-01440-DCC, 2019 WL 2083055, at *1 (D.S.C. May 13, 2019) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

## DISCUSSION

In evaluating whether to approve the settlement, the Court must determine i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorneys' fees and costs is reasonable. *Id*. at *2. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which requires determination of whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *Id.* Here, Plaintiff alleges Defendants failed to pay him certain wages in violation of the FLSA. Specifically, Plaintiff contends that he is entitled to approximately $8,400.75 in unpaid overtime wages, which includes liquidated damages. Defendants contend that Plaintiff was properly paid for all hours that he actually worked and that Plaintiff is not entitled to any additional wages. Consequently, a bona fide dispute exists.

As to whether a settlement is fair and reasonable, the Court must consider the following factors: "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs'

success on the merits and the amount of the settlement in relation to the potential recovery.'" *Id.* (quoting *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016)).

Here, although there was no formal discovery in this matter, the parties did provide documentation through filings in conjunction with the motion for conditional certification, and in settlement negotiations. Moreover, the lack of formal discovery is mitigated by the limited time period in which Plaintiff was employed, as the records and evidence are limited compared to a lengthy time of employment.

In addition, Plaintiff is represented by knowledgeable and experienced counsel who specializes in FLSA claims and the settlement was reached as part of arms-length negotiations. Plaintiff's counsel has the qualifications and opportunity to evaluate the likelihood of success of the claim. *See* Declaration of Camille Fundora Rodriguez ("Rodriguez Decl.") at ¶¶ 2-3, Exhibit A. Importantly, the amounts of compensation that Plaintiff is receiving relating to the FLSA claim is more than the amount that Plaintiff claims he is owed. Rodriguez Decl. at ¶¶ 11, 17. This is certainly fair given that there exist bona fide disputes between the Parties, including whether Plaintiff is entitled to his claimed overtime compensation. The range of possible recovery is open to dispute. There is no evidence of fraud or collusion.

The Parties recognized and took into consideration the risks and costs associated with protracted litigation in reaching this resolution. Accordingly, the settlement proceeds are fair, reasonable and adequate.

A Plaintiff in a FLSA case may recover his/her attorneys' fees and expenses under the statute's fee-shifting provision. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Edelen v. Am. Residential Servs. Inc.*, 2013

5

WL 3816986, at *12 (D. Md. July 22, 2013) (award of attorney's fees under Section 216(b) of the FLSA is mandatory).

The payment of attorneys' fees and costs is likewise fair, reasonable, and adequate. Courts within the Fourth Circuit consider the following in determining what constitutes a reasonable and fair percentage of attorneys' fees: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to perform properly the legal services rendered; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Latham v. Branch Banking and Trust Co.*, 2014 WL 464236, *2 (M.D.N.C. January 14, 2014) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir.1978)).

Based upon the factors set forth above, in particular the total settlement amount and the complexity of this matter, as well as such awards in similar cases, attorneys' fees and costs in the amount of $20,000.00 are fair and reasonable. As of December 11, 2023, Plaintiff's counsel's total lodestar is $125,957.50, expending more than 200 hours on this matter while incurring $3,471.60 in costs. Rodriguez Decl. ¶¶ 19, 25-26. This matter is particularly complex given the existence of both the discrimination and FLSA claims being litigated. Plaintiffs' Counsel Berger Montague has litigated several FLSA cases and has significant experience in complex litigation in state and federal court. Rodriguez Decl. ¶¶ 2-3, Exhibit A. Additionally, Defendants' Counsel has significant experience in complex litigation in state and federal court, and regularly advises

and defends employers in claims by employees in federal and state courts, including claims arising under the FLSA. Consequently, counsels' experience litigating FLSA claims weigh in favor of approving the settlement.

Further, Plaintiff's Counsel's fee award includes work performed in this lawsuit and for all of the work remaining to be performed, including, but not limited to, securing Court approval of the Settlement and settlement administration. Rodriguez Decl. ¶ 23.

## CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement and dismiss Plaintiff's individual claims with prejudice.

Respectfully submitted,

s/: *Camille Fundora Rodriguez*
Camille Fundora Rodriguez (*Pro Hac Vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
Fax: 215-875-4604
crodriguez@bm.net

Shaun Christian Blake (Fed. ID No. 10358)
Jenkins McMillan Mann (Fed. ID No. 9986)
Philip Wesley Jackson, II (Fed ID No. 126685)
ROGERS LEWIS JACKSON MANN AND QUINN LLC
1901 Main Street, Suite 1200
Columbia, SC 29201
Tel: 803-256-1268
Fax: 803-252-3653
sblake@rogerslewis.com
jmann@rogerslewis.com
wjackson@rogerslewis.com

*Attorneys for Plaintiff*

s/: *Denny P. Major*
Denny P. Major (Fed. ID No. 10225)
HAYNSWORTH SINKLER BOYD PA
1201 Main Street, 22nd Floor (29201)
P. O. Box 11889
Columbia, SC 29221
Tel: 803-779-3080
Fax: 803-765-1243
dmajor@hsblawfirm.com

*Attorneys for Defendants Living Well Homes LLP, Living Well Homes LP, Living Well Homes III, LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III, Inc., Living Well Homes GP IV Inc.*