IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Phillip Howard, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Living Well Homes LLP, Living Well Homes LP, Living Well Homes II, LP, Living Well Homes III, LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III, Inc., Living Well Homes GP IV Inc., and John Does 1-10.<br><br>Defendants. | Civil Action No.: 6:22-cv-01818-DCC<br><br>**ORDER AND OPINION APPROVING SETTLEMENT** |

This matter is before the Court on the Parties' Joint Motion for Approval of Fair Labor Standards Act Settlement (Dkt. No. 69). For the reasons set forth below, the Court GRANTS the motion and approves the settlement.

**I.     BACKGROUND**

Plaintiff Phillip Howard filed this Collective Action ("Complaint" Dkt. 1) in the United States District Court, District of Arizona, on January 26, 2022 against Defendants Living Well Homes LLP, Living Well Homes LP, Living Well Homes II, LP, Living Well Homes III, LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III, Inc., Living Well Homes GP IV Inc., alleging Defendants violated the Fair Labor Standards Act (FLSA).  Defendants moved to dismiss for lack of personal jurisdiction and the Court transferred the case to this Court by Order dated June 8, 2022 (Dkt. 28).

Plaintiff was employed with Defendant Living Well Homes II, LP approximately five (5) weeks from June 2021 to August 2021 at an apartment complex in Greenville, South Carolina as a non-exempt service manager earning $23.00 per hour. Plaintiff alleges that all the Defendants were joint employers of Plaintiff during that time period. Plaintiff alleges that Defendants did not accurately track and record all of the hours worked by Plaintiff Howard and other hourly employees and, therefore, failed to compensate Plaintiff at one-and-one-half times the regular rate of pay for hours worked over forty in a workweek. Defendants denied these allegations, asserting that Defendants paid Plaintiff for all hours worked and submitting evidence regarding the reporting of hours by Plaintiff.

On September 23, 2023, Plaintiff's filed a Motion for Conditional Certification and To Facilitate Notice Pursuant to 20 U.S.C. § 216(b) (Dkt. No. 60). Defendants opposed the motion on various grounds (Dkt. No. 61). The Court did not rule on that motion prior to receiving notice from the Parties of a settlement. The Parties filed a motion to approve settlement on December 13, 2023. There have been no Opt-in Plaintiffs to date.

## II.    LEGAL STANDARD

Settlements of FLSA claims are appropriate for court approval when the settlement is a "fair and reasonable resolution of a bona fide dispute over [the] FLSA." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). "The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Morris v. S. Concrete and Constr., Inc.*, No. 8:16-CV-01440-DCC, 2019 WL 2083055, at *1 (D.S.C. May 13, 2019) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

2

## III. DISCUSSION

In evaluating whether to approve the settlement, the Court must determine i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorneys' fees and costs is reasonable. *Id.*, 2019 WL 2083055, at *2. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which requires determination of whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *Id.* Here, Plaintiff alleges Defendants failed to pay him certain wages in violation of the FLSA. Specifically, Plaintiff contends that he is entitled to unpaid overtime wages and liquidated damages. Defendants contend that Plaintiff was properly paid for all hours that he actually worked and that Plaintiff is not entitled to any additional wages. Consequently, a bona fide dispute exists.

As to whether a settlement is fair and reasonable, the Court must consider the following factors: "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Id.* (quoting *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016)).

The Parties have provided the Court with sufficient facts to assess the fairness and reasonableness of the settlements. Although there was no formal discovery in this matter, the parties did provide documentation through filings in conjunction with the motion for conditional

3

certification, and in settlement negotiations. Moreover, the lack of formal discovery is mitigated by the limited time period in which Plaintiff was employed, as the records and evidence are limited compared to a lengthy time of employment.

In addition, Plaintiff is represented by knowledgeable and experienced counsel who specializes in FLSA claims and the settlement was reached as part of arms-length negotiations. Plaintiff's counsel has the qualifications and opportunity to evaluate the likelihood of success of the claim. Importantly, the amounts of compensation that Plaintiff is receiving relating to the FLSA claim is more than the amount that Plaintiff claims he is owed. This is fair given bona fide disputes that exist between the Parties, including whether Plaintiff is entitled to his claimed overtime compensation. There is no evidence of fraud or collusion.

In light of the stage of these proceedings, absence of fraud, the ultimate settlement amount, experience of counsel, and uncertainties as to success on the merits, the Court finds the settlement amount to be fair and reasonable.

In addition, a Plaintiff in a FLSA case may recover his/her attorneys' fees and expenses under the statute's fee-shifting provision. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Edelen v. Am. Residential Servs. Inc.*, 2013 WL 3816986, at *12 (D. Md. July 22, 2013) (award of attorney's fees under Section 216(b) of the FLSA is mandatory).

The payment of attorneys' fees and costs is likewise fair, reasonable, and adequate. Courts within the Fourth Circuit consider the following in determining what constitutes a reasonable and fair percentage of attorneys' fees: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to perform properly the legal

4

services rendered; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Latham v. Branch Banking and Trust Co.*, 2014 WL 464236, *2 (M.D.N.C. January 14, 2014) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir.1978)).

Based upon the factors set forth above, in particular the total settlement amount and the complexity of this matter, as well as such awards in similar cases, attorneys' fees and costs in the amount of $20,000.00 are fair and reasonable. As of December 11, 2023, Plaintiff's counsel's total lodestar is $125,957.50, expending more than 200 hours on this matter while incurring $3,471.60 in costs. This matter is particularly complex given the existence of both the discrimination and FLSA claims being litigated. Plaintiffs' Counsel has significant experience in complex litigation in state and federal court. Additionally, Defendants' Counsel has significant experience in complex litigation in state and federal court, and regularly advises and defends employers in claims by employees in federal and state courts, including claims arising under the FLSA. Consequently, counsels' experience litigating FLSA claims weigh in favor of approving the settlement. Therefore, under the *Barber* factors, the proposed attorneys' fees are reasonable. Finally, when checked against Plaintiffs' attorneys' purported lodestar of $125,957.50, it is clear that attorneys' fees of $20,000 are reasonable here.

Further, the Court finds that $3,471.60 in costs incurred during the litigation is reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Parties' Joint Motion for Approval of Fair Labor Standards Act Settlement (Dkt. No. 69). The action is DISMISSED WITH PREJUDICE.

AND IT IS SO ORDERED.

Dated: 12/18/2023
Spartanburg, South Carolina

Donald C. Coggins, Jr.
United States District Judge